UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ALBERTO PORFIRIO RAMENTOL,

      Plaintiff,

vs.

TIRA.D.TOSS, LLC, a Florida Limited
Liability company, and FLAVIO
TRAVANO, individually,

      Defendants.
_____/

# COMPLAINT

COMES NOW Plaintiff, ALBERTO PORFIRIO RAMENTOL, by and through his undersigned attorney, and hereby sues Defendants, TIRA.D.TOSS, LLC ("TIRA"), a Florida Limited Liability company, and FLAVIO TRAVANO, individually, individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime and minimum wage pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant TIRA is a Florida corporation which regularly conducted business in Miami-Dade County, Florida by operating a restaurant within Miami-Dade County, Florida.

6. TIRA is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, TIRA operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and TIRA obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

7. Upon information and belief, the annual gross revenue of TIRA was at all times material hereto in excess of $500,000.00 per annum. TIRA had gross annual revenue in excess of $500,000, for the years 2014 and 2015. Upon information and belief, TIRA is expected to have gross annual revenue in excess of $500,000.00, annually.

8. By reason of the foregoing, TIRA is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9. The individual Defendant, TRAVANO, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant TRAVANO controlled the purse strings for the corporate Defendant. Defendant TRAVANO hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

**Vehicle Expenses**

10. Defendants requires its delivery driver to maintain and pay for his own safe, legally-operable, and insured automobile, which the Plaintiff is required to use when performing the duties of a delivery driver.

11. Defendants' drivers are required to incur costs of gasoline, vehicle parts and fluids, automobile repair and maintenance services, elevated automobile insurance, and depreciation of their vehicle while delivering food and beverages for the primary benefit of the Defendants.

12. The IRS sets forth a business mileage reimbursement rate. In 2014, the mileage rate was 56 cents per mile. In 2015, the mileage rate increased to 57.5 cents per mile. In 2016, the mileage rate decreased to 54 cents per mile. The IRS mileage rates represent a reasonable approximation of the monetary average per mile, that is lower than the actual costs incurred by the Plaintiff. Delivery drivers incur higher expenses than a typical business driver, because he is required to drive significantly more miles on a daily basis. As a result, Plaintiff is subjected to more frequent routine maintenance costs, higher costs of repairs, lower gas mileage due to 'stop and go' city driving, and more rapid depreciation to his vehicle.

13. Plaintiff incurred out-of-pocket vehicular in excess of 60 cents per mile, while deliveries for the benefit of the Defendants. Since the Plaintiff was paid below minimum wage, the vehicle reimbursement expenses further reduced Plaintiff's wages significantly below the minimum wage.

14. Defendants have failed to reimburse Plaintiff for his vehicle expenses and/or otherwise pay him a reasonable mileage rate. For the reasons set forth above, the IRS mileage rate is a reasonable approximation of the vehicle expenses that Plaintiff incurred.

## COUNT I: UNPAID OVERTIME WAGES

15. Plaintiff re-alleges and re-avers paragraphs 1 through 14 as fully set forth herein.

16. Plaintiff was employed by the Defendants from the period of July 24, 2014 through the present and ongoing time (June 23, 2016). Plaintiff was employed as a dishwasher during the period of July 26, 2014 through September 2014, and as a delivery driver from October 2014 through October 2015.

17. During the period of July 26, 2014 through September 2014, Plaintiff was paid $5.00 per hour and worked approximately 34 hours per week.

18. During the period of October 2014 through October 2015, Plaintiff was paid an approximate rate of $4.50 per hour by the Defendants. Plaintiff's wage was further reduced by incurring vehicle expenses. *Supra*. During the above mentioned period, Plaintiff worked approximately 60 hours per week.

19. During the period of October 2015 through February 2016, Plaintiff was paid an approximate rate of $5.00 per hour by the Defendants. Plaintiff's wage was further reduced by incurring vehicle expenses. *Supra*. During the above mentioned period, Plaintiff worked approximately 60 hours per week.

20. During the period of February 2016 through the present and ongoing time (June 23, 2016), Plaintiff was paid an approximate rate of $5.00 per hour. Plaintiff's wage was further reduced by incurring vehicle expenses. *Supra*. During the above mentioned period, Plaintiff works approximately 48 hours per week.

21. Defendants were required to pay Plaintiff overtimes wages. Plaintiff was not paid overtime wages at a rate of time and one half, when he worked more than 40 hours per week.

22. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 <u>et seq</u>. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

23. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages he was due. Defendants are also aware of the provisions of the FLSA as they were previously sued for overtime and minimum wages.

24. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover

liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II. CLAIM FOR FLSA MINIMUM WAGES

25. Plaintiff re-alleges and re-avers paragraphs 1 through 14 as fully set forth herein.

26. Plaintiff was employed by the Defendants from the period of July 24, 2014 through the present and ongoing time (June 23, 2016). Plaintiff was employed as a dishwasher during the period of July 26, 2014 through September 2014, and as a delivery driver from October 2014 through October 2015.

27. During the period of July 26, 2014 through September 2014, Plaintiff was paid $5.00 per hour and worked approximately 34 hours per week.

28. During the period of October 2014 through October 2015, Plaintiff was paid an approximate rate of $4.50 per hour by the Defendants. Plaintiff's wage was further reduced by incurring vehicle expenses. *Supra*. During the above mentioned period, Plaintiff worked approximately 60 hours per week.

29. During the period of October 2015 through February 2016, Plaintiff was paid an approximate rate of $5.00 per hour by the Defendants. Plaintiff's wage was further reduced by incurring vehicle expenses. *Supra*. During the above mentioned period, Plaintiff worked approximately 60 hours per week.

30. During the period of February 2016 through the present and ongoing time (June 23, 2016), Plaintiff was paid an approximate rate of $5.00 per hour. Plaintiff's wage was further reduced by incurring vehicle expenses. *Supra*. During the above mentioned period, Plaintiff works approximately 48 hours per week.

31.     The FLSA requires that employees be paid a wage not less than $7.25 per hour for each worked. Defendants failed to pay minimum wages to the Plaintiff. Defendants failed to inform Plaintiff of the requirements to pay the correct minimum wage.

32.     Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was being paid less than federal minimum wage. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay minimum wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff the minimum wage he was due. Defendants are also aware of the provisions of the FLSA as they were previously sued for overtime and minimum wages.

33.     Plaintiff has retained the law offices of the undersigned attorney to represent his in this action and is obligated to pay a reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## **JURY DEMAND**

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: June 23, 2016

    Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (305) 308 - 5619
Email: DanielFeld.Esq@gmail.com
*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
1150 Kane Concourse, Fourth Floor
Bay Harbor Islands, FL 33154
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com
*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561